Case 4:23-cv-01875   Document 20   Filed on 04/17/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREAT LITTLE MINDS ACADEMY, LLC, § § § § Plaintiff, § VS. § ATLANTIC CASUALTY INSURANCE § COMPANY, § § Defendant. | CIVIL ACTION NO. 4:23-CV-1875 |

## MEMORANDUM OPINION AND ORDER

Before the Court in this first-party insurance case is Defendant Atlantic Casualty Insurance Company's ("Atlantic") motion for summary judgment. Plaintiff Great Little Minds Academy, LLC ("GLMA") has not responded. Atlantic's motion (Dkt. 19) is **GRANTED**.

### I.  BACKGROUND

Because GLMA has not filed a response to Atlantic's motion for summary judgment, the Court accepts as undisputed the facts and evidence set forth in Atlantic's motion. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Flowers v. Deutsche Bank National Trust Co.*, 614 Fed. App'x 214, 215 (5th Cir. 2015) ("The failure to respond to a summary judgment motion leaves the movant's facts undisputed. The court need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law.") (citation omitted).

Atlantic's summary judgment evidence establishes that GLMA purchased a commercial lines insurance policy from Atlantic ("the policy") that contained the following coverage exclusion ("the freeze exclusion"):

> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> g. Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment (except fire protective systems) caused by or resulting from freezing, unless:
>
>    (1) You do your best to maintain heat in the building or structure; or
>
>    (2) You drain the equipment and shut off the supply if the heat is not maintained.

Dkt. 19-1 at pp. 41–42.

When Winter Storm Uri struck Houston in February of 2021, the property insured by the policy suffered water damage after a pipe froze and burst. (Dkt. 19-8). At the time of the storm, the insured property was vacant and had been vacant since its acquisition by GLMA in November of 2020. (Dkt. 19-8 at p. 2). The insured property used two natural gas furnaces for central heating, but GLMA had not activated natural gas service for the insured property when Uri hit. (Dkt. 19-8 at p. 6). Moreover, no one had shut off the

water supply or drained the pipes at the insured property to prepare for the storm. (Dkt. 19-8 at pp. 6–7).

GLMA made a claim on the policy; and Atlantic denied the claim, citing the freeze exclusion. (Dkt. 19-7 at p. 93). GLMA then brought this lawsuit, asserting claims against Atlantic for breach of contract; breach of the duty of good faith and fair dealing; fraud; "conspiracy to commit illegal acts;" and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. (Dkt. 1-4 at pp. 7–17). Atlantic has moved for summary judgment on all claims. (Dkt. 19).

## II.  **SUMMARY JUDGMENTS**

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant's initial summary judgment burden depends on whether the movant will bear the burden of proof at trial. If the non-movant will bear the burden of proof at trial on an issue raised in a motion for summary judgment, then the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The movant need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's

case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). However, if the movant will carry the burden of proof at trial, as is the case when the movant is either the plaintiff or a defendant asserting an affirmative defense, then the movant can only carry its initial burden by establishing beyond peradventure all of the essential elements of its claim or defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

### III. **BREACH OF CONTRACT**

Atlantic denied GLMA's insurance claim on the basis of the policy's freeze exclusion. (Dkt. 19-7 at p. 93). Atlantic's evidence shows that the policy's freeze exclusion unambiguously bars coverage for GLMA's claim. Accordingly, on this record GLMA's claim for breach of the insurance contract fails because the evidence conclusively shows that Atlantic did not breach the insurance contract.

Under Texas law, insurance policies are construed in accordance with the same rules as contracts generally. *Canutillo Independent School Dist. v. National Union Fire Insurance Co. of Pittsburgh, Pa.*, 99 F.3d 695, 700 (5th Cir. 1996). A court's primary concern in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument. *Federal Insurance Co. v. Northfield Insurance Co.*, 837 F.3d 548, 552 (5th Cir. 2016). The insured bears the initial burden of showing that its loss falls within the insurance policy's scope of coverage. *Id.* If the insurer relies on a coverage exclusion to deny coverage, then it bears the burden of proving the applicability of the exclusion. *Id*. at 552–53. Once the insurer proves that an exclusion applies, the burden shifts back to the insured to show that the claim falls within an exception to the exclusion. *Federated Mutual Insurance Co. v. Grapevine Excavation Inc.*, 197 F.3d 720, 723 (5th Cir. 1999). Coverage exclusions are construed narrowly, and any ambiguities are resolved in the insured's favor. *Federal Insurance*, 837 F.3d at 553.

The freeze exclusion bars coverage for water damage "caused by or resulting from freezing" unless either: (1) the insured does its best to maintain heat in the insured building; or (2) the insured drains the pipes and shuts off the water supply. (Dkt. 19-1 at pp. 41–42). Atlantic's evidence shows that the water damage to GLMA's insured property was caused by a frozen pipe that burst, triggering the freeze exclusion and shifting the burden to GLMA to prove that at least one of the two listed exceptions to the freeze exclusion applies. GLMA has not responded to Atlantic's motion for summary judgment, so it consequently has failed to carry its burden to create a genuine issue of

material fact on the question of whether one of the exceptions applies. Accordingly, the Court will grant summary judgment on GLMA's breach of contract claim.

### IV. **EXTRACONTRACTUAL CAUSES OF ACTION**

GLMA's numerous extracontractual causes of action also fail. The evidence shows that Atlantic did nothing more than promptly deny a claim that was not covered under the policy. The record contains no evidence establishing that Atlantic engaged in any wrongful conduct. Accordingly, the Court will grant summary judgment on GLMA's extracontractual claims as well.

### V. **CONCLUSION**

The motion for summary judgment filed by Defendant Atlantic Casualty Insurance Company (Dkt. 19) is **GRANTED**.

SIGNED at Houston, Texas on April 17, 2025.

                                                 GEORGE C. HANKS, JR.
                                                 UNITED STATES DISTRICT JUDGE